UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 15-cr-20314

v                                            Honorable Thomas L. Ludington

SAMUEL LEE CURNEY,

        Defendant.

_____/

**<u>ORDER PROVIDING DEFENDANT CURNEY WITH NOTICE THAT HIS RULE 52(B) MOTION WILL BE CONSTRUED AS A MOTION PURSUANT TO 28 U.S.C. § 2255, AND DIRECTING DEFENDANT TO INFORM THE COURT WHETHER HE AGREES OR DISAGREES WITH THIS RECHARACTERIZATION</u>**

On May 27, 2015 an indictment was issued charging Defendant Samuel Lee Curney with one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Curney pled guilty to the charge, and was sentenced to 140 months of imprisonment on November 5, 2015. Judgment was entered in November 12, 2015. *See* ECF No. 19.

On September 20, 2016 Defendant Curney filed a motion to supplement pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See* ECF No. 21. Defendant contended in his motion that he was seeking to supplement a pending motion under Federal Rule of Criminal Procedure 52(b), but there was no such filing on the Court's docket, and thus nothing to supplement. Defendant's motion was therefore denied without prejudice by an order dated September 29, 2016. *See* ECF No. 22.

In response, on October 31, 2016 Defendant Curney filed a motion purportedly seeking relief pursuant to Federal Rule of Criminal Procedure 52(b). In this motion, Defendant argues that the collateral attack waiver found in his plea agreement is unenforceable, that his trial

counsel was ineffective, and that he was wrongfully sentenced as a career offender. Because the motion challenges his underlying conviction and sentence, he seeks the remedy provided for by a petition for habeas relief pursuant to 28 U.S.C. § 2255.

In an accompanying notice of supplement, Defendant Curney states that his pending Rule 52(b) motion may be construed as a motion under § 2255. *See* ECF No. 24. However, to ensure that Defendant is fully aware of his rights, the Court hereby provides Defendant with notice pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that it intends to treat his Rule 52(b) motion as a motion for habeas relief pursuant to 28 U.S.C. § 2255. Defendant will be given 30 days to notify the Court whether he agrees or disagrees with the Court treating his motion as a petition for habeas relief.

Before making this decision, Defendant should consider that if the Court treats this motion as one brought pursuant to § 2255, it will be his first § 2255 petition. This is important because he can then only file a second or successive § 2255 petition upon the certification of the United States Court of Appeals for the Sixth Circuit. Moreover, in determining whether he agrees or disagrees with the Court treating his motion as one for habeas relief, Defendant should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- 3 -

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If Defendant disagrees with the Court treating his motion as a petition for habeas relief, he may withdraw his motion. Alternatively, he may seek to amend his motion. If Defendant fails to respond to this Order or agrees to have the motion treated as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of October 31, 2016, or the date the original motion was filed. Furthermore, if Defendant agrees to have the motion considered as one filed pursuant to § 2255, the Court will, upon motion of the Defendant, allow additional time for the filing of an amendment to the motion, to the extent that such an amendment would be permitted by law.

Accordingly, it is **ORDERED** that Defendant Curney is **DIRECTED** to inform the Court as to whether he agrees or disagrees with the recharacterization of his Rule 52(b) motion as a motion to vacate his sentence under 28 U.S.C. § 2255 on or before **December 21, 2016.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 15, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 15, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager