UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff - Respondent,        Case No. 15-cr-20314

v        Honorable Thomas L. Ludington

SAMUEL LEE CURNEY,

        Defendant - Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE, DENYING PETITIONER'S ADDITIONAL PENDING MOTIONS, DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On May 27, 2015 an indictment was issued charging Petitioner Samuel Lee Curney with one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Curney pled guilty to the charge, and was sentenced to 140 months of imprisonment on November 5, 2015. His sentence was based in part upon a career offender enhancement pursuant to USSG § 4B1.1. Judgment was entered in November 12, 2015. *See* ECF No. 19.

On October 31, 2016 Petitioner Curney filed a motion purportedly seeking relief pursuant to Federal Rule of Criminal Procedure 52(b). *See* ECF No. 23. With Curney's consent, that motion was construed as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 26-28. The matter was then referred to Magistrate Judge Patricia T. Morris, along with Curney's subsequent requests for relief. *See* ECF Nos. 24, 30, 31, 35, 40.

On April 3, 2017 the magistrate judge issued her report, recommending that Curney's motion to vacate his sentence be denied. *See* ECF No. 40. She also recommended that Curney's additional requests for relief be denied. *Id*. Curney filed objections on April 25, 2017, which will

be accepted as filed. *See* ECF No. 41. For the reasons stated below, Curney's objections will be overruled and the report and recommendation will be adopted.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

**A.**

Petitioner Curney first objects to the magistrate judge's finding that his counsel was not ineffective for failing to challenge the career offender enhancement. There is no dispute that Curney had one qualifying controlled substance offense based upon a 2009 conviction for delivering cocaine. Curney argues, however, that his 2008 conviction under Michigan Compiled Law 333.7401(1)(a)(iv) for possessing with attempt to deliver a controlled substance is not a qualifying predicate offense because it involved an attempt. Michigan Compiled Law 333.7401 holds that a person "shall not manufacture, create, deliver, or *possess with intent to manufacture, create, or deliver,* a controlled substance …." *Id.* (emphasis added). Where a person commits an offense involving less than 50 grams of a narcotic drug classified in schedule 1 or 2, that person

"is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." Mich. Comp. Laws 333.7401(2)(a)(iv).

As explained by the magistrate judge, Curney's argument is without merit. Under § 4B1.1, a defendant is a career offender if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id*. The term "controlled substance offense" is defined as "an offense under federal or state law, punishable by a term of imprisonment for a term exceeding one year, that prohibits the manufacture, import export, distribution of a controlled substance … *or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense*." USSG § 4B1.2(b) (emphasis added). His attempted delivery conviction under Michigan Compiled Law 333.7401(a)(iv) is therefore a qualifying predicate offense under the sentencing guidelines. *See Hopkins v. United States,* No. 1:14-CV-401, 2017 WL 1544811, at *3 (W.D. Mich. Apr. 28, 2017).

Moreover, in addition to his qualifying controlled substance offenses, at the time of his sentencing Curney had two qualifying convictions for crimes of violence. Specifically, in 2012 and again in 2013 Curney was convicted of assaulting, restricting, or obstructing a police officer. These are qualifying crimes of violence under the residual clause of § 4B1.1(a)(2). *See Beckles v. United States*, ---- U.S. ----, 2017 WL 855781, at *3 (Mar. 6, 2017) (holding that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause). Because Curney had four qualifying predicate offenses, his counsel was not ineffective for failing to challenge the career offender enhancement. Curney's first objection will be overruled.

**B.**

Petitioner Curney next objects to the magistrate judge's determination that the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), do not apply to his case. This objection is without merit. In an unpublished case, the Sixth Circuit recently held that M.C.L. 333.7401(2)(a) is not subject to challenges under *Mathis* and *Hinkle* because the statute sets forth separate offenses, not alternative means for committing the same offense. *United States v. Tibbs*, No. 15-1060, 2017 WL 1314933, at *5 (6th Cir. Apr. 10, 2017). Moreover, even if Curney was correct that his 2008 controlled substance offense was not a qualifying offense, he would not be entitled to any relief because his criminal history includes three other qualifying offenses. The career offender enhancement would thus still be appropriate under USSG § 4B1.1.

**C.**

In his final objection, Petitioner Curney argues that the magistrate judge erred in recommending denial of his motion to amend his petition, through which he sought to bring a claim of prosecutorial misconduct. Without citation, Curney argues that he should have been allowed to avoid federal prosecution by pleading guilty to state charges carrying a guideline range of 7-36 months under the Project Safe Neighborhood initiative. He does not allege that he was offered any such plea deal, much less that the federal prosecutor was involved in any state court plea negotiations. *United States v. McConer*, 530 F.3d 484, 494 (6th Cir. 2008) (holding that a federal prosecutor is not liable for a state's improper handling of a defendant's plea negotiations where the prosecutor was not involved in the alleged violation). Curney also has not alleged that the attorney representing him in the hypothetical plea negotiations was ineffective. *See United States v. Morris,* 470 F.3d 596, 600 (6th Cir. 2006) (holding that a district court may

allow a defendant to reconsider a state plea offer where the prosecutor was involved in the plea negotiations and the defendant was not provided effective assistance of counsel). Finally, Curney does not provide any evidence that his case implicated the Project Safe Neighborhood initiative, which deals primarily with gun violence (Curney was convicted of distributing heroin).

It is well-settled that the Double Jeopardy Clause of the Fifth Amendment does not prevent different sovereigns, i.e. the federal government and a state government, from separately prosecuting the same individual, "even if both are criminal suits for the same offense." *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) (internal citations omitted). Because Curney violated a federal statute, he had no constitutional right to avoid a federal prosecution. The federal prosecutor had no constitutional obligation to offer Curney a global plea deal that would have resolved both his state and federal prosecutions. Even if Curney is correct that some notice practice or guideline of the Project Safe Neighborhood program was violated, he has not shown how any such violation amounts to an independent constitutional violation by the federal prosecutor. *McConer*, 530 F.3d at 494. Curney's arguments amount to a disagreement with how the prosecutor exercised her prosecutorial discretion. This is insufficient to state a claim for habeas corpus relief under § 2255. Curney's objections will therefore be overruled.

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's

assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner also will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner Curney's objections, ECF No. 41, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 40, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence, filed as a motion under Federal Rule of Criminal Procedure 52(b), ECF No. 23, is **DENIED**.

It is further **ORDERED** that Petitioner's motion to supplement, ECF No. 24, motion for issuance of a subpoena, ECF No. 30, and motion for leave to amend, ECF No. 31, are **DENIED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF NO. 35, is **DENIED as moot**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

                                                                              s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge

Dated: May 19, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2017.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager