UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 1:15-cr-20314
        Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

SAMUEL LEE CURNEY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On May 27, 2015, Defendant Samuel Lee Curney was indicted by a grand jury on one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. Defendant pled guilty and was sentenced to 140 months incarceration. ECF No. 19.

On July 8, 2021, Defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). ECF No. 54. Defendant cites the nature of his crime and character and that his ten-year-old daughter's caregiver "has been diagnosed with Hashimoto."[1] *Id.* at PageID.297. Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

---

[1] Defendant has provided no proof of his child's caregiver's medical diagnosis or the effect the alleged condition has on the caregiver's ability to care for Defendant's child.

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (6th Cir. Nov. 20, 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. Failure to comply with 18 U.S.C. § 3582's exhaustion requirement forecloses compassionate release. *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

Defendant's Motion does not include proof of any attempt to exhaust his administrative remedies with the BOP. *See* ECF No. 54 at PageID.294. As a result, Defendant's Motion will be denied without prejudice. Defendant may file another motion for compassionate release, but he

- 3 -

must include evidence that he requested compassionate release from the BOP and that such request was denied or at least 30 days have passed.

    Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 54, is **DENIED WITHOUT PREJUDICE**.

Dated: August 12, 2021                      s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge