UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 1:15-cr-20314

v.                                              Honorable Thomas L. Ludington
                                                     Magistrate Judge Patricia T. Morris

SAMUEL LEE CURNEY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

This matter is before this Court upon Defendant Samuel Lee Curney's Motion for Compassionate Release. ECF No. 57. For the reason stated below, Defendant's Motion will be denied without prejudice.

In May 2015, a grand jury indicted Defendant for one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. Defendant pleaded guilty and was sentenced to 140 months' imprisonment and three years' supervised release. ECF No. 19. In July 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was denied without prejudice for lack of exhaustion in August 2021. *See* ECF Nos. 54; 56.

On September 16, 2021, Defendant filed a second motion for compassionate release, which the Government contests. *See* ECF Nos. 57; 58. Defendant's Motion requests "home confinement," because his son's caregiver, Defendant's sister, "has been diagnosed with Hashimoto and is very ill." ECF No. 57 at PageID.323, 324.

**I.**

A motion for relief under section 3582(c)(1)(A) requires exhaustion. That is, Defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). That first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

## II.

Defendant requested compassionate release from the BOP, which it denied. ECF No. 58-3 at PageID.361–63. In his requests to the BOP, Defendant cited changes in the law and *his* health, but the instant Motion cites his *sister's* health. *Compare* ECF No. 58-3 at PageID.361–63 (noting to the BOP "the status of my mental and physical health"), *and* ECF No. 57 at PageID.322 (noting to the BOP "new laws, statutes, and Supreme Court rulings"), *with id.* at PageID.324 (noting to this Court that his "sister . . . has become very ill with Hashimoto"), *and* ECF No. 54 at PageID.297 (noting to this Court that his son's sole caregiver "has been diagnosed with Hashimoto").

The Government argues that, based on *United States v. Asmar*, Defendant has not satisfied the exhaustion requirement because the instant Motion presents an issue that was not presented to the BOP. 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement . . . ."); *see also United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021) (holding that an inmate must raise the same issues in the BOP and federal court to exhaust under section 3582(c)(1)(A)). *Contra United States v. Ferguson*, No. 10-20403, 2021 WL 1685944, at *2 (E.D. Mich. Apr. 29, 2021) ("The Court is persuaded by the reasoning of the courts which have held § 3582(c)(1)(A) does not require issue exhaustion.").

That difference is not necessarily fatal to Defendant's Motion.[1] But the purpose of section 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). And the BOP has not yet had the opportunity to consider whether the Hashimoto diagnosis justifies placing Defendant in home confinement. Although this Court may consider arguments not presented to the BOP, Defendant's Motion does not present circumstances exigent enough to remove the BOP from the equation. Therefore, Defendant has not satisfied his exhaustion requirement, and his Motion will be denied without prejudice.[2]

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 57, is **DENIED WITHOUT PREJUDICE**.

Dated: October 5, 2021    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] Respectfully, this Court disagrees with the Government's proposed issue-exhaustion requirement. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). If Congress wanted to add an issue-exhaustion requirement, it would have enumerated it in section 3582(c)(1)(A)'s text. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) ("Congress . . . does not . . . hide elephants in mouseholes."). Thus, as a *requirement*, issue exhaustion would be an extratextual judicial fiat. Indeed, section 3582(c)(1)(A) states that the court may grant the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring *a motion* on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). It does not say "*the same motion*." Moreover, an issue-exhaustion requirement would remove the courts' discretion to consider "extraordinary and compelling" reasons for release that arise after the defendant's request to the BOP. That limitation is also not in section 3582(c)(1)(A)'s text.

[2] Because Defendant's Motion is being denied for not presenting his sister's diagnosis to the BOP first, this Court need not reach the merits of Defendant's allegations. But a *verified* incapacitating Hashimoto diagnosis of Defendant's child's sole caregiver would likely constitute an extraordinary and compelling reason for release if he *submitted evidence to this Court* showing (1) his sister's medical diagnosis; (2) the diagnosis renders his sister an unsuitable caregiver; and (3) that his wife, mother, seven siblings, and child's mother would be unsuitable caregivers.