UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:15-cr-20314

v.                                                    Honorable Thomas L. Ludington
                                                            United States District Judge

SAMUEL LEE CURNEY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL**

This matter is before this Court upon Defendant Samuel Lee Curney's Motion for Appointed Counsel. ECF No. 60. For the reason stated below, Defendant's Motion will be denied.

In May 2015, a grand jury indicted Defendant on one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. Defendant pleaded guilty and was sentenced to 140 months' imprisonment and three years' supervised release. ECF No. 19. In July 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which this Court denied without prejudice for lack of exhaustion in August 2021. *See United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 151294, at *4 (E.D. Mich. Aug. 12, 2021).

In September 2021, Defendant filed a second motion for compassionate release, ECF No. 57, which this Court denied without prejudice in October 2021. *See United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 (E.D. Mich. Oct. 5, 2021).

On January 3, 2022, Defendant sent a letter requesting appointed counsel to aid him in preparing a third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 60.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967).

The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is warranted. Indeed, Defendant provides no explanation for his request. Moreover, Defendant filed an intelligible pro se motion for compassionate release less than four months ago. *See* ECF No. 54. Although this Court is sensitive to Defendant's desire for legal representation, seeking compassionate release does not involve complex facts or legal doctrines that would prevent him from effectively bringing the motion for a third time on his own behalf. For these reasons, Defendant's Motion for Appointed Counsel will be denied. *See, e.g.*, *United States v. Drouin*, No. 1:12-CR-20640-01, 2021 WL 2895650, at *2 (E.D. Mich. July 9, 2021); *United States v. Wilson*, No. 1:18-CR-20788, 2021 WL 1791645, at *2 (E.D. Mich. May 5, 2021); *United States v. Sakon*, No. 17-CR-20445, 2021 WL 949542, at *1 (E.D. Mich. Mar. 12, 2021).

Accordingly, it is **ORDERED** that Defendant's Motion for Appointed Counsel, ECF No. 60, is **DENIED**. Defendant may file a motion for compassionate release on his own behalf.

Dated: January 6, 2022                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge